**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SG STONEGATE ASSET COMPANY I, LLC, a Delaware limited liability company, | No. 1:25-cv-07909 |
| Plaintiff, | Hon. Manish S. Shah |
| v. | |
| GSC ENTERPRISES, INC., a California corporation, *et al.*, | Hon. M. David Weisman |
| Defendants. | |

**RECEIVER'S UNOPPOSED MOTION FOR LEAVE TO FILE THE RESPONSE IN**
**OPPOSITION TO MOTION (I) FOR RECONSIDERATION UNDER RULE 54 AND**
**(II) TO ALLOW SECURED SUBROGATION CLAIM OF SCOTT TAYLOR**
**IN EXCESS OF FIFTEEN PAGES**

Matthew Brash of Newpoint Advisors Corporation, not individually, but solely in his capacity as receiver ("Receiver") of the defendants in the above-captioned action,[1] hereby moves the Court for leave to file the *Receiver's Response in Opposition to Motion (I) for Reconsideration Under Rule 54 and (II) to Allow Secured Subrogation Claim of Scott Taylor* (the "Response"), which exceeds fifteen pages in length, effective as of April 15, 2026. In support of this motion, the Receiver respectfully states as follows:

1.      On February 19, 2026, Scott Taylor filed the *Motion (I) For Reconsideration Under Rule 54 and (II) to Allow Secured Subrogation Claim of Scott Taylor* (the "Motion for Reconsideration") [ECF 218]. The Court set April 15, 2026 as the deadline for the Receiver to file a response in opposition to the Motion for Reconsideration [ECF 236].

---

[1] The defendants in this action are GSC Enterprises, Inc.; GSC Logistics, Inc. ("GSC Logistics"); Best Way Trucking, Inc. ("Best Way"); GSC National Transportation, Inc. ("GSC National"); GSC Solutions, Inc. ("GSC Solutions"); GSC Transport, Inc. ("GSC Transport"); Macmillan-Piper LLC; Tacoma Transload LLC; GSC Logistics Norcal Brokerage, Inc. ("GSC NorCal"); and GSC Logistics PNW Brokerage, Inc. ("GSC PNW") (collectively, "Defendants").

2

2. The Receiver intends to file the Response contemporaneously with this motion. The Response is 19 pages in length.

3. Local Rule 7.1 provides that "[n]either a motion nor brief in support of or in opposition to any motion … shall exceed 15 pages without prior approval of the court."

4. In light of the number, importance and complexity of the issues addressed in the Response, the Receiver submits that the length of the Response is reasonable and appropriate under the circumstances. Accordingly, the Receiver respectfully submits that good cause exists to authorize him to file the oversized Response to the Motion for Reconsideration.

5. Because the Receiver will contemporaneously file the Response with this motion, the Receiver requests that leave to file be made effective as of April 15, 2026.

6. Counsel for the Receiver conferred by email with counsel for Mr. Taylor on April 15, 2026. Counsel for Mr. Taylor does not oppose this motion.

WHEREFORE, the Receiver respectfully requests that the Court enter an order: (a) waiving the 15-page limit for responses in opposition to motions as set forth in Local Rule 7.1 with respect to the Response, effective as of April 15, 2026; and (b) granting such other and further relief as the Court deems just and proper.

LEGAL\114857536\1

Respectfully submitted,

Matthew Brash of Newpoint Advisors
Corporation, not individually, but solely in
his capacity as Receiver

Dated: April 15, 2026

By:  /s/ Allen J. Guon
     One of his attorneys

Allen J. Guon
Cozen O'Connor
123 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606
(312) 474-4450
aguon@cozen.com
*Counsel for the Receiver*

3